EXHIBIT A



| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO | **21** JUL 28 PM 3: 08 |
|---|---|
| Court Address: 1437 Bannock Street, Rm 256 Denver, CO 80202 | DATE FILED: July 28, 2021 CASE NUMBER: 2021CV337 |
| Plaintiff(s): VALERIE K LITTLE v. Defendant(s): CHARTER SOFTWARE, INC | ▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address): Valerie K. Little 7600 E Amherst Avenue Denver, Colorado [80231] | Case Number: 21CV 337 |
| Phone Number: 720.327.2809 FAX Number: E-mail: littlevalerie44@gmail.com | Division        Courtroom 2609 |

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff Valerie Little, states and alleges her Complaint against Defendant Charter Software, Inc as follows:

### I.    NATURE OF CLAIMS

1.    Plaintiff Valerie Little ("Plaintiff" or "Ms. Little") was employed by Defendant Charter Software, Inc. ("Defendant" or "Charter") as a Software Training Specialist from about January 2015 through December 2019.

2.    Defendant, through its agents, subjected Ms. Little to violations of the Fair Labor Standards Act, 29 U.S.C. §213(a)(1) ("FLSA professional exemption"), pay discrimination in violation of the Equal Pay Act of 1963 ("EPA"), 52 Stat. 1062, as amended, 29 U.S.C. §206(d) *et seq.* and unlawful discrimination due to her gender and race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"). Defendant also retaliated against Ms. Little due to her

1

complaints about Defendant's unlawful discrimination against her, in violation of FLSA, EPA and Title VII.

3.      This is an action for damages and other relief for the injuries suffered by Plaintiff due to Defendant's discriminatory conduct, in violation of FLSA professional exemption, EPA, and Title VII.

## II.    PARTIES, JURISDICTION AND VENUE

4.      Plaintiff Valerie Little is an individual residing in the State of Colorado at 7600 E Amherst Avenue, Denver, Colorado 80231.  Ms. Little's date of birth is August 18, 1968.

5.      Defendant Charter is a Colorado corporation with its principal place of business at 6851 S Prince Circle, Littleton, Colorado, 80120.

6.      At all relevant times, Plaintiff was an employee of Charter within the meaning of Title VII and EPA.

7.      At all relevant times, Charter was an "employer" of Plaintiff within the meaning of Title VII and EPA.

8.      This Court has jurisdiction over this case because Defendant conducted business, subjected Ms. Little to discriminatory and retaliatory actions, and breached its contractual obligations within this judicial district.

9.      This Court is the proper venue for this action because Defendant conducted business, subjected Ms. Little to discriminatory and retaliatory actions, and breached its contractual obligations within this judicial district.

10.      All procedural prerequisites for the filing of this suit have been met.  Plaintiff filed timely Charges of Discrimination alleging EPA violation, gender and race discrimination, and retaliation, against Charter, with the Equal Employment Opportunity Commission ("EEOC") and Colorado Civil Rights Division ("CCRD") and filed this action within ninety (90) days of receiving a Notice of Right to Sue from the EEOC.

## III.    GENERAL ALLEGATIONS

1.      In or about January 2015, Ms. Little became employed by Charter as a Software Training Specialist ("Software Trainer") with an exempt classification.

2.      Charter is a privately owned business management software company.  Charter partnered with servicing dealers and distributors to promote mutual success through use of their technology-based management tool ("ASPEN").

3.      Ms. Little attempted to negotiate a higher salary in compliance with the FLSA professional exemption, with Stephen Graham, Tech Support Manager, and was denied.

4.      Charter's Employee Manual stated that an exempt employment classification was, "An employee considered to be managerial, professional or outside sales."

5.      Charter's Employee Manual stated that, "Equal Opportunity is Charter policy". The policy also contained an Equal Pay statement that, "Charter will not pay wages to any employee at a rate less than the company pays employees of the opposite sex for work that is substantially equivalent requiring comparable skills and experience."

6.      Charter maintained less than three percent (3%) black employee representation during the time of Ms. Little's employment.

7.      Charter's Implementation and Training department had three Software Trainers that Ms. Little joined in 2015: Laura Wickard, a white female, Nick Purdy, a white male, and Julie Immer, a white female.

8.      The primary responsibility of the Software Trainer was to prepare and provide web based and onsite training for equipment dealers and distributors across North America and Canada.

9.      The Software Trainer assisted the client in the development of their ASPEN business management system.

10.     The Software Trainer also provided business process analysis of the client's departmental processes, to assist in their transition from their former procedures to ASPEN's standardized processes and procedures.

11.     As Software Trainer, Ms. Little recorded an instructional training video which management liked and requested that she record all the instructional training videos for voice over consistency.

12.     As Software Trainer, Ms. Little created customized Training Review Summaries for clients and Survival Handbooks to supplement the required Training Review Checklist.

13.     Ms. Little trained many clients on ASPEN on behalf of the Defendant and performed these duties in a satisfactory manner.

14.     In 2017 Ms. Little spoke with Director of Implementation, Mary Moyer, Ms. Little about overtime compensation due to the significant amount of overtime worked. She was told that the Software Trainer position was classified exempt, therefore there was no overtime.

15.     Charter's onsite training increased as DealerWin ("DW") legacy partners, converted and new clients transitioned to ASPEN.

16.      In 2018 Charter brought in Chief Operations Officer ("COO") Tracy Goodman to implement internal processes and procedures that would allow for a qualitative analysis and valuation of Charter.

17.      In May 2018, Charter brought in Scott Hall as Sr. Manager of Professional Services, to manage Implementation and Training, and Technical Support.

18.      Around June 2018, Ms. Wickard and Ms. Immer were promoted to positions with managerial responsibilities.

19.      Around June 2018, Ms. Little and Mr. Purdy remained Software Trainers to continue handling the increased need for web-based and onsite training.

20.      Additional responsibilities to sell web and onsite trainings were added to the Software Trainer's departmental and company goals.

21.      Ms. Little inquired about increased compensation due to the increased trainings with Mr. Hall.  Mr. Hall replied that Ms. Little would need to sell more training for additional compensation or seek other external organizations for a higher salary.

22.      Around June 2018 Chad McCool, a white male employee in Quality and Assurance ("QA") at Charter transferred to the Implementation and Training department as a Software Trainer to be trained by Ms. Little and Mr. Purdy.

23.      Mr. McCool resigned within a few months and another white male; Dan Carlson was hired as a Software Trainer.  Mr. Carlson also resigned.

24.      Charter continued to increase with clients and employees however no other black males, or females were employed for any positions offered and filled.

25.      Charter's performance evaluations were an evolving process.  In 2018 Key Performance Indicators ("KPI's") were introduced departmentally and corporately as customer surveys revealed client satisfaction was below standards.

26.      Ms. Little experienced disparate treatment as Charter's KPI's, company and departmental goals for Software Trainers were tailored for an exempt classified position and required Ms. Little to not work overtime to meet KPI's for billable and nonbillable hours.

27.      Ms. Little continued to work long hours to improve client's satisfaction and meet corporate and departmental KPI and goals with no bonuses due to company not meeting corporate goals at the end of 2018.

28.      Ms. Little continued to discuss her dismay of not having a salary at industry standards for doing the same tasks as Mr. Purdy, with Mr. Hall and Ms. Goodman.

29.      Charter did not subject Ms. Little to any disciplinary action at any point during her employment.

30.      In 2019 Charter management made a corporate announcement that they were seeking "investors" to invest in the company to provide more "operating income".

31.      During 2019 employees participated in trainings that would enable them to have the skills needed in Charter's reorganization.

32.      Charter's reorganization did not encourage or include Ms. Little as the stated lack of a future increase in salary by Mr. Hall was a deterrent.

33.      Ms. Little was busy training and when not on the road was given busy work while other employees participated in meetings that would assist them in transitioning to the new organization.

34.      In December 2019 Anne Salemo, CEO of Charter, announced the acquisition of Charter Software by Constellation Software, Inc ("CSI") a publicly traded company. They would operate under the name Charter Software Solutions, Inc. ("CSS"). This would be effective December 19, 2019.

35.      Although bonuses were given for reaching corporate and departmental KPI's and goals in 2019, Ms. Little's compensation was adversely affected by not receiving a proper salary.

36.      Defendant excluded Ms. Little from opportunities based on stereotypes and subjective criteria that have prevented Black females from achieving their potential.

37.      As a result of the Defendant's policies and procedures, Plaintiff was disproportionately disadvantaged in her salary and benefits.

38.      The disproportionate treatment was instrumental in Ms. Little's termination of employment once employed by CSS.

39.      Ms. Little has suffered significant emotional distress and stress due to the discrimination and retaliation alleged above.

## IV.    CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF FLSA

40.      Plaintiff incorporates paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41.    Defendant's Software Trainer position was an exempt classified position; however, Ms. Little was denied applicable exempt wages.

42.    As Software Trainer, Ms. Little performed all tasks satisfactorily and attained all KPI's, corporate and departmental goals.

43.    As a result, Ms. Little was entitled to compensation in compliance with FLSA's professional exemption.

44.    Charter refused to compensate Ms. Little in accordance with professional exemption classification, in violation of 29 U.S.C. §213(a)(1).,

45.    Ms. Little was damaged by the unlawful actions of Defendant as alleged above by being deprived of income in an amount to be proven at trial.

46.    The discriminatory actions and inactions of Defendant alleged above were engaged in intentionally, and with malice or with a reckless indifference to Ms. Little's civil rights.

47.    As a result of these discriminatory and unlawful actions, Plaintiff has suffered and continues to suffer damages, including both economic and non-economic losses.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF TITLE VII

48.    Plaintiff incorporates paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49.    Defendant discriminated against Ms. Little because of her sex and race in violation of 42 U.S.C. 2000e *et seq.*, by not offering her a professional salary, not providing opportunities in reorganization of department for promotion or increased salary and subjecting her to other adverse employment actions.

50.    The effect of the actions of Defendant limited, classified, and discriminated against Ms. Little such that she was deprived of employment opportunities because of her sex and race in violation of 42 U.S.C. 2000e *et seq.*

51.    Ms. Little was damaged by the discriminatory actions of Defendant as alleged above by being deprived of income, continuing employment, and the opportunity for other employment benefits, in an amount to be proven at trial.

52.    Ms. Little has suffered significant emotional distress as a result of Defendant's discriminatory actions against her.

53.     The discriminatory actions and inactions of Defendant alleged above were engaged in intentionally, and with malice or with a reckless indifference to Ms. Little's civil rights.

54.     As a result of these discriminatory and unlawful actions, Plaintiff has suffered and continues to suffer damages, including both economic and non-economic losses.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE EQUAL PAY ACT

55.     Plaintiff incorporates paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56.     Defendant discriminated against Ms. Little because of her gender in violation of 29 U.S.C. §206(d) *et seq.* by not fairly compensating her for performing job duties like Mr. Purdy and subjecting her to other adverse employment actions.

57.     The effect of the actions of Defendant limited, classified, and discriminated against Ms. Little such that she was deprived of employment opportunities because of her gender in violation of 29 U.S.C. §206(d) *et seq.*

58.     Ms. Little was damaged by the discriminatory actions of Defendant as alleged above by being deprived of income, continuing employment, and the opportunity for other employment benefits, in an amount to be proven at trial.

59.     Ms. Little has suffered significant emotional distress as a result of Defendant's discriminatory actions against her.

## FOURTH CLAIM FOR RELIEF
## RETALIATION

60.     Plaintiff incorporates paragraphs 1 through 58 of this Complaint as if fully set forth herein.

61.     Defendant retaliated against Ms. Little due to her complaints about lack of compensation in violation of 29 U.S.C. §213(a)(1)., her complaints about gender, sex, and equal pay in violation of 29 U.S.C. §206(d) *et seq.,* and 42 U.S.C. 2000e *et seq.,* and subjecting her to other adverse employment actions.

62.     The effect of the actions of Defendant limited, classified, and discriminated against Ms. Little such that she was deprived of employment opportunities because of her protected activity in violation of 29 U.S.C. §213(a)(1)., 29 U.S.C. §206(d) *et seq.,* and 42 U.S.C. 2000e *et seq.*.

7

63.    Ms. Little was damaged by the actions of Defendant as alleged above by being deprived of income, continuing employment, and the opportunity for other employment benefits, in an amount to be proven at trial.

64.    Ms. Little suffered significant emotional distress as a result of Defendant's retaliation against her.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

WHEREFORE, Plaintiff Valerie Little respectfully moves this court and prays for:

a.    Damages for past and future lost wages and benefits and for lost employment opportunities, and other compensatory damages, in an amount to be proven at trial;

b.    Damages for emotional distress incurred by Ms. Little due to the discriminatory and tortious practices of Defendant, in an amount to be proven at trial;

c.    Compensatory damages, including physical/medical injury and harm, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in a sum to be determined by the court and jury;

d.    Attorney's fees and litigation costs;

e.    Pre- and post-judgment interest;

f.    Such other relief as the Court may deem appropriate.

DATED this 28th day of July, 2021.

Respectfully submitted,

Valerie K. Little

Valerie K. Little
7600 E Amherst Avenue
Denver, Colorado 80231
Phone:  720.327.2809

8